IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MALCOLM MCCLENON, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-1438 |
| § | |
| NATHANIEL QUARTERMAN § | |
| § | |
| Respondent § | |

**MEMORANDUM AND RECOMMENDATION DENYING PETITIONER'S FEDERAL APPLICATION FOR A WRIT OF HABEAS CORPUS**

Before the Magistrate Judge is Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered Petitioner's application and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Petitioner's Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this case be DISMISSED with prejudice.

**I.    Introduction and Procedural History**

Malcolm McClenon ("McClenon") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") as a result of a November 2000 conviction for possession with intent to deliver cocaine in the 5th Criminal District Court, Dallas County, TX, cause no. F00-02295-L, for which he was sentenced to 11 years imprisonment. McClenon is not challenging the validity of that conviction herein. Rather, he is challenging the validity of a prison disciplinary proceeding, disciplinary case no. 20090132364, which he claims resulted in the loss of 30 days of commissary privileges, 15 days of solitary confinement, and 30 days of cell restriction (denied parole).

McClenon challenged disciplinary case no. 20090132364 in both a step one and step two grievance, both of which were rejected. On or about May 12, 2009, McClenon filed this § 2254 proceeding. No response has been filed in opposition to this application.

## II.     Claims Presented

McClenon claims that his due process rights were violated during and in relation to prison disciplinary proceeding no. 20090132364 because:

(1) There was insufficient evidence for a finding of guilt.

## III.    Discussion

The claim McClenon raises in this § 2254 proceeding is not cognizable under 28 U.S. C. § 2254. Even if it were, McClenon has not stated a claim for a violation of his due process rights during or in relation to disciplinary case no. 20090132364.

Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to remedy constitutional violations of rights which affect the "fact or duration" of an individual's physical imprisonment. *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973). Federal habeas corpus relief pursuant to 28 U.S.C. § 2254 is not available to remedy alleged constitutional violations which would not lead to either 1) an automatic shortening of an individual's sentence or 2) the individual's immediate release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Dir. 1995), *cert. denied*, 516 U.S. 1059 (1996)).

In this case, McClenon is not complaining about the fact or duration of his confinement. Despite McClenon's allegations to the contrary in his § 2254 application, the records associated with disciplinary case no. 20090132364 show that the following discipline was imposed on McClenon: (1) 30 days loss of commissary privileges, (2) 15 days of solitary confinement, and (3) 30 days cell restriction (denied parole). (Document No. 1) The petition is unclear as to the details

of the parole denial but the Petitioner does claim that he was denied parole as a part of the consequences of this disciplinary hearing. (*See* Document No. 1) In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Court held that, "[t]he chance that a finding of misconduct will alter the balance [in a parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." This decision was based on the fact that Hawaii law, which was applicable in *Sandin*, only considered a disciplinary action as one part of the parole decision. The Texas Parole Guidelines similarly make it clear that a disciplinary action is only one relevant factor in the parole decision. *See* 37 TAC § 145.2 (2009). Thus, a denial of parole would not invoke the Due Process Clause. McClenon cannot establish that any of the discipline he received would have had an effect on the length of sentence he is serving; and the absence of such discipline would have led to a shortening of his sentence or immediate release. *See Luken v. Scott*, 72 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995).

Even if McClenon's claim was cognizable and redressable under 28 U.S.C. § 2254, no relief would be available to McClenon on the merits of such claim because his claim does not rise to the level of a due process violation as a matter of law. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court held that inmates, in the context of a prison disciplinary proceeding, are entitled to the following due process guarantees: (1) 24 hours written advance notice of the disciplinary charge(s); (2) a written statement of the factfinders as to the evidence relied on and the reason(s) for the disciplinary action taken; and (3) and opportunity to call witnesses and present documentary evidence in defense of the charges. In *Sandin v. Connor*, the United States Supreme Court modified the requirements set forth in *Wolff v. McDonnell*, when it held that a prisoner's due process liberty interest is "generally limited to freedom from restraint

which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472-84 Thus, under *Sandin*, *Wolff's* three due process requirements apply in the prison disciplinary context when the punishment imposed affects the length of the inmate's sentence or represents an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996); *e.g. Spicer v. Collins*, 9 F.Supp.2d 673, 685 (E.D. Tex. 1998) (Cell and commissary restrictions "do not deprive plaintiffs of a protected liberty interest and, therefore plaintiff was not entitled to due process during the disciplinary proceedings"). Punitive disciplinary measures such as cell restriction, loss of commissary privileges, extra work duties, and even confinement in disciplinary segregation do not pose the type of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that will implicate the protections of the Due Process Clause. *Sandin*, 515 U.S. 472, 484 (administrative segregation did not implicate due process); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (cell and commissary restrictions are penalties which do not represent "the type of atypical, significant deprivation in which a state might create a liberty interest"); *Bulger*, 65 F.3d at 49-50 (inmates have no protectable interest in their work assignments).

Because denial of parole is not mandatory when a prisoner has had disciplinary action taken against him while in prison, and because none of the punishment meted out to McClenon as a result of his disciplinary infraction raises due process concerns under *Sandin*, there is no dramatic departure from the basic conditions of his sentence and he is not entitled to any relief in this proceeding. *See Sandin*, 515 U.S. 485-86; *See* 37 TAC § 145.2 (2009).

**IV.     Conclusion and Recommendation**

Based on the foregoing, and the conclusion that no relief is available to Petitioner on the claim he has asserted in this proceeding pursuant to 28 U.S.C. § 2254, the Magistrate Judge

RECOMMENDS that Petitioner Malcolm McClenon's Application for Writ of Habeas Corpus (Document No.1) be DENIED, and this case be DISMISSED with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED.R.CIV.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 2nd day of July, 2009.

_____
Frances H. Stacy
United States Magistrate Judge